UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICOLA LOPARDO,

    Plaintiff,

v.

                          Case No.

DYCK-O'NEAL, INC. and LAW OFFICES OF
DANIEL C. CONSUEGRA, P.L.,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NICOLA LOPARDO (hereinafter referred to as "Mr. Lopardo" or "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, DYCK-O'NEAL, INC. and LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. (hereinafter collectively referred to as "Defendants"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Defendants transact business here.

### PARTIES

4. Plaintiff, Mr. Lopardo, is a natural person.

5. Mr. Lopardo resides in Collier County, Florida.

1

6. Mr. Lopard is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Dyck-O'Neal, Inc. (hereinafter "DONI"), is a Texas profit corporation.

8. DONI maintains its principal place of business at 3100 Monticello Avenue, Suite 650, Dallas, TX 75205.

9. DONI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). More specifically:

   a. DONI is principally engaged in the business of collecting debts;

   b. DONI regularly collects debts owed or due or asserted to be owed or due to another; and

   c. DONI uses the United States postal service and telephones in connection with its debt collection business.

10. Additionally, DONI's website, www.dyckoneal.com, clearly states: "Dyck-O'Neal, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit "A"** attached hereto.

11. Defendant, Law Offices of Daniel C. Consuegra, P.L. (hereinafter "Consuegra"), is Florida limited liability company.

12. Consuegra maintains its principal place of business at 9210 King Palm Road, Tampa, FL 33619.

13. Consuegra is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). More specifically:

   a. Consuegra is principally engaged in the business of collecting debts;

   b. Consuegra regularly collects debts owed or due or asserted to be owed or due to another; and

    c. Consuegra uses the United States postal service and telephones in connection with its debt collection business.

14. Additionally, Consuegra's website www.consuegralaw.com, clearly lists "collections" as its top area of practice. *See* **Exhibit "B"** attached hereto.

## FACTUAL ALLEGATIONS

15. On or about May 9, 2006, Mr. Lopardo purchased residential property located at 15609 Marcello Circle, Naples, FL 34110 (hereinafter the "Subject Property") which he used as his homestead.

16. In order to purchase the Subject Property, Mr. Lopardo incurred a debt (hereinafter the "Debt") to Bank of America, N.A. (hereinafter "BOA") in the amount of $254,100.00, and executed a note and mortgage on the Subject Property in favor of BOA in conjunction therewith.

17. As Mr. Lopardo incurred the Debt to BOA to purchase the Subject Property, which he lived in and used as his homestead, the Debt was incurred for personal, family or household purposes.

18. Accordingly, the Debt is "consumer debt" within the meaning of the FDCPA.

19. Subsequent to incurring the Debt, Mr. Lopardo allegedly became delinquent on payments to BOA, and the Debt went into default.

20. The Debt was eventually transferred to the MFRA Trust 2014-2 (hereinafter the "Trust"), for which Wilmington Trust, National Association (hereinafter "Wilmington Trust") acted as Trustee.

21. Wilmington Trust, on behalf of the Trust, filed an action to foreclose the mortgage on the Subject Property in the Collier County Circuit Court on or about February 25, 2019

(hereinafter the "Foreclosure Case").  *See* **Exhibit "C"** attached hereto.

22. The Collier County Circuit Court entered a Final Judgment in Foreclosure against Mr. Lopardo and in favor of Wilmington Trust (hereinafter the "Foreclosure Judgment") on July 31, 2019.  *See* **Exhibit "D"** attached hereto.

23. The Subject Property was sold at a Collier County foreclosure auction on August 29, 2019.  *See* **Exhibit "E"** attached hereto.

24. The certificate of sale and certificate of title were issued to Wilmington Trust on August 29, 2019 and September 10, 2019, respectively.  *See* **Exhibit "F"** attached hereto.

25. On November 30, 2020, *over a year* after the sale documents were issued to Wilmington Trust, DONI, by and through Consuegra, filed its Motion to Intervene and for Final Summary Judgment of Deficiency in the Foreclosure Case (hereinafter the "Deficiency Motion") as an alleged successor in interest to Wilmington Trust.  *See* **Exhibit "G"** attached hereto.

26. The Deficiency Motion sought a final judgment in favor of DONI in the amount of $167,616.78, plus interest since the date of the foreclosure judgment.  *See* Exhibit "G".

27. The above-referenced acts and omissions constitute various violations of the FDCPA.

28. Mr. Lopardo has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendants.

29. Mr. Lopardo has been further damaged by Defendants' conduct, as he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for Defendants' improper conduct.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST DONI
## 15 U.S.C. § 1692e(2)(A)

30. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant DONI constitute violations of the FDCPA.

32. DONI violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of […] the character, amount, or legal status of any debt" in an attempt to collect.

33. DONI violated § 1692e(2)(A) by falsely representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

34. As a direct and proximate result of DONI's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

35. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for DONI's improper conduct.

36. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST DONI
## 15 U.S.C. § 1692e(10)

37. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant DONI constitute violations of the FDCPA.

39. DONI violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

40. DONI violated § 1692e(10) by falsely representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

41. As a direct and proximate result of DONI's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

42. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for DONI's improper conduct.

43. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST DONI
## 15 U.S.C. § 1692f

44. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant DONI constitute violations of the FDCPA.

46. DONI violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

47. DONI violated § 1692f by unfairly and unconscionably representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

48. As a direct and proximate result of DONI's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

49. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for DONI's improper conduct.

50. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DONI
### 15 U.S.C. § 1692e(2)(A)

51. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant Consuegra constitute violations of the FDCPA.

53. Consuegra violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of […] the character, amount, or legal status of any debt" in an attempt to collect.

54. Consuegra violated § 1692e(2)(A) by falsely representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

55. As a direct and proximate result of Consuegra's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

56. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for Consuegra's improper conduct.

57. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT V
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DONI
### 15 U.S.C. § 1692e(10)

58. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant Consuegra constitute violations of the FDCPA.

60. Consuegra violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

61. Consuegra violated § 1692e(10) by falsely representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

62. As a direct and proximate result of Consuegra's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

63. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for Consuegra's improper conduct.

64. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT VI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST DONI
## 15 U.S.C. § 1692f

65. Mr. Lopardo incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendant Consuegra constitute violations of the FDCPA.

67. Consuegra violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

68. Consuegra violated § 1692f by unfairly and unconscionably representing to Mr. Lopardo and the Collier County Circuit Court that the Debt remained legally collectible, which was false because the time to initiate legal action to collect the Debt had expired.

69. As a direct and proximate result of Consuegra's actions in violation of said statute, Mr. Lopardo has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

70. Mr. Lopardo has suffered further actual damage in that he was forced to hire legal counsel to oppose the Deficiency Motion, which would not have been necessary but for Consuegra's improper conduct.

71. Mr. Lopardo has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Lopardo seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

72. Mr. Lopardo is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, NICOLA LOPARDO, having set forth his claims for relief against the Defendants, DYCK-O'NEAL, INC. and LAW OFFICES OF DANIEL C. CONSUEGRA, P.L., respectfully prays that the Court finds as follows:

a. That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. That the Plaintiff has and recovers against all Defendants a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and 15 U.S.C. § 1692k(a)(3); and

d. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated:  February 1, 2021

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd
Fort Myers, Florida 33919
Phone: (239) 939-0900
Fax: (239) 939-0588

***/s/ Joseph C. LoTempio***
JOSEPH C. LOTEMPIO, ESQ.
Florida Bar Number: 0086097
jlotempio@DellutriLawGroup.com

Secondary e-mails (electronic service only):
Fla.ECF.DellutriLawGroup@gmail.com
kmichie@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida      )
                      ) ss
COUNTY OF Lee         )

Plaintiff, NICOLA LOPARDO, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
NICOLA LOPARDO

Subscribed and sworn to before me this 27th day of January, 20 21 by NICOLA LOPARDO who:

☐ is personally known; or

☒ produced identification FDL L-163-620-57-380-0.

_____
Notary Public

(SEAL)

BRIAN S JONES
Notary Public - State of Florida
Commission # HH 071495
My Comm. Expires Dec 13, 2024